## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51107/51108

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>WISHO MOSS,<br><br>        Defendant-Appellant. | Filed: August 5, 2024<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS A SUBSTITUTE UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY THE COURT'S PRIOR OPINION DATED JULY 11, 2024, IS HEREBY WITHDRAWN |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order revoking probation and directing execution of previously suspended sentence in Docket No. 51107, <u>affirmed</u>; judgment of conviction and sentence in Docket No. 51108, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51107, Wisho Moss pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and the district court imposed a unified sentence of seven years, with a minimum period of incarceration of two years. Following a period of retained jurisdiction, the district court placed Moss on a term of probation. Moss admitted to violating the terms of the probation, and the district court revoked Moss's probation and ordered execution of the previously suspended sentence. In Docket No. 51108,

1

Moss pleaded guilty to aggravated assault on certain personnel, I.C. § 18-915, and eluding a peace officer, I.C. § 49-1404(2). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, for aggravated assault upon certain personnel and a consecutive unified sentence of five years, with a minimum period of incarceration of four years, for eluding. The district court also ordered the sentence for assault in Docket No. 51108 to run consecutively to the sentence in Docket No. 51107. Moss filed an Idaho Criminal Rule 35 motion to correct sentence an illegal sentence; specifically, Moss moved the court to alter the sentence in Docket No. 51108 to run concurrently to the sentence in Docket No. 51107 because the court "felt restrained by the misunderstanding of the statute" to run the sentence concurrent.

Although the district court found the sentence was not illegal, the court found that it "labored under the false impression that Idaho Code § [18-]915(1) required Moss's Count I conviction to run consecutive . . . ." The district court granted Moss relief under I.C.R. 35(b) and issued an amended judgment in which the aggravated assault sentence was ordered to run concurrently instead of consecutively. Moss appeals, contending that the district court abused its discretion in revoking probation and imposing aggregate sentences that are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record

before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Next, sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Last, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Moss's I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Moss's I.C.R. 35 motion is affirmed.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Moss's underlying sentence in Docket No. 51107 or in imposing sentence in Docket No. 51108. Nor did the district court abuse its discretion when it granted Moss's I.C.R. 35 motion. Therefore, the order revoking probation and directing execution of Moss's previously suspended sentence in Docket No. 51107, the judgment of conviction and sentences in Docket No. 51108, and the order granting the I.C.R. 35 motion are affirmed.